The opinion of the Court was delivered by
Withers, J.
The brief shews that the cause of action was an undertaking, written by Berkley, on the back of a note, in these words : “ Dec. 13, 1848. I indorse the within note — that the note was dated and due more than seven months before the indorsement, was made by one Gibson, and payable to one Harrison or bearer. It was not, therefore, an undertaking by the defendant, at the date of the note, as in Stoney vs. Beaubien, (2 McM. 313,) and Cockrell vs. Milling, (1 Strob. 444); and so it is not easy to see that he could be treated as a maker. It is not an undertaking upon an unnegotiable note, for the promise of the maker is to H. or bearer. The payee has not indorsed the note, *540 but the legal interest therein may well have vested in the plaintiff by delivery. The indorsement of the defendant is not in blank, so as to open the question in what character he intended to be liable — nor is there any evidence on the subject. He undertakes to “indorse” a note, negotiable by delivery, and after due. We know nothing of the consideration or the circumstances of the transaction. He is sued and charged (as a maker would be) as being indebted to the plaintiff by promissory note, a copy whereof is indorsed on the process and referred to accordingly.
The plaintiff, in his process, does not declare in so many words whether he sues as indorsee or in what particular character, nor charge the defendant in any particular character. It may admit of question whether this is enough where a plaintiff is driven to treat himself as indorsee and the defendant as indorser. In the case of Hilburn vs. Paysinger, (1 Bail. 97,) it was determined, that conciseness of averment is allowable in the summary jurisdiction ; that a formal averment of demand, refusal and notice, was not necessary ; and a statement, that defendant “ is indebted as indorser,” would be sufficient. However, this case is not made to turn here upon that question, and it will not be discussed.
We must treat the defendant, Berkley, as an indorser — the language he uses, uncontrolled and uninterpreted by any proof of circumstances, drives us to that result.
We. have the opinion of Judge Story, fortified by the cases which he cites to section 132 of his work on promissory notes, to the effect, that such a note as that in this case, though transferable by delivery, may also be by indorsement, on the part of the payee or of any subsequent holder. He also thinks, that such an indorser incurs the same liabilities and obligations as an indorser on a note payable to order.
The duty of the receiver of a note indorsed, arising from his implied undertaking to have recourse to another as primarily liable to him, is to pursue the party primarily liable with proper diligence, and, in case of failure, to notify the person collaterally or contingently liable of such failure, with proper diligence also. .Hence the rule as to presentment for payment, and notice of non *541 payment to one who is strictly indorser, or who guarantees the collection of a note from another, according to its terms.
Though this last is not exactly Berkley’s condition, for the maker had already made default when Berkley indorsed, and though we cannot certainly know whether Berkley would have resort to the maker as liable to him, yet, in the absence of all proof to the contrary, we must infer that he made a collateral promise to pay Gibson’s debt, as indorser of a note over due; and when the indorsee seeks to enforce such a liability, he must shew some diligence, that shall be deemed reasonable, in pursuing the maker as the primary debtor, and notice to Berkley of his default. None of our cases, thus far, have dispensed with this much, as is manifested by what was said and determined in Chadwick vs. Jeffers, (1 Rich. 397,) and Gray vs. Bell, (2 Rich. 72).
No proof was made of such diligence by the plaintiff in this case, and we cannot relieve him from the nonsuit ordered on the circuit.
The motion is therefore dismissed.
O’Neall, Evans, Wardlaw, Frost and Whitner, JJ. concurred.

Motion dismissed.